UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                          :
                                                :
3586 BOSTON ROAD REALTY CORP.,    :    Chapter 11
                                                :    Case No. 14-12080 (SMB)
            Debtor.                       :
-------------------------------------------------------X

# MEMORANDUM DECISION AND ORDER
# DENYING DEBTOR'S MOTION FOR REARGUMENT

**A P P E A R A N C E S:**

BLEICHMAN & KLEIN
*Attorney for Debtor*
117 South Main Street, Route 45 South
Spring Valley, NY 10977

    Joshua N. Bleichman, Esq.
        Of Counsel

HARRIS BEACH PLLC
*Attorney for Creditor 54, LLC*
100 Wall Street
New York, NY 10005

    Eric H. Lindenman, Esq.
        Of Counsel

KOSSOFF, PLLC
*Attorney for the Receiver*
217 Broadway, Suite 401
New York, NY 10007

    Steven Y. Steinhart, Esq.
        Of Counsel

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

      The debtor, 3586 Boston Road Realty Corp. ("Boston Road"), filed this single asset real estate case on July 16, 2014 to stay a foreclosure sale scheduled to take place five days later. By Order dated September 11, 2014 (the "September Order"), the Court granted the motion by 54,

LLC (the "Lender") to lift the automatic stay under Bankruptcy Code § 362(d)(1) and (2) to allow the sale to proceed. Boston Road has now moved to reargue the September Order pursuant to Local Rule 9023-1(a) (the "Motion"). For the reasons that follow, the Motion is denied.

## BACKGROUND

Boston Road owns commercial real property, its sole asset, located at 3586 Boston Road in the Bronx (the "Premises"). On March 21, 2007, it executed a Building Mortgage Note in the sum of $1,900,000 secured by a mortgage on the Premises in favor of the Lender. (*Motion of 54, LLC for an Order (i) Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. Sections 362(d)(1) and 362(d)(2) and (ii) for an Award of Attorneys' Fees and Costs*, filed Aug. 15, 2014 ("*Lift Stay Motion*"), Ex. A, B (ECF Doc. # 17).) Following Boston Road's default, the Lender commenced a foreclosure action in New York State Court and obtained a Judgment of Foreclosure and Sale (the "Judgment") on May 8, 2014. (*Lift Stay Motion* at ¶¶ 11, 17 & Ex. F.) The Judgment included a monetary award in the sum of $3,554,631.40 plus fees, costs, interest and maintenance. As of the petition date, the Judgment plus post-judgment interest totaled approximately $3.9 million. (*Id.* at ¶ 18.)

The foreclosure sale, scheduled for July 21, 2014, was stayed by the commencement of this case on July 16, 2014. Boston Road's schedules ascribed a value of $3,550,000 to the Premises, less than the amount owed to the Lender. (*Schedule A*, at 3 of 24.)[1] The Motion followed one month later. The Lender argued, relying on Bankruptcy Code § 362(d)(2), that it lacked adequate protection. Boston had not made any payment to the Lender in more than four

---

[1] Boston Road's *Schedules* and its *Statement of Financial Affairs* ("*SOFA*"), all dated Aug. 1, 2014, were docketed on the Court's ECF system as document number 11. Boston Road filed an amended *SOFA* on October 20, 2014 (ECF Doc. # 38) which states that it collected $70,000 from tenants since 2012, but does not otherwise modify the original *SOFA*.

2

years, and had failed to offer any post-petition adequate protection. (*Lift Stay Motion* at ¶ 39.) In fact, Boston Road could not provide adequate protection because it had no other assets aside from minimal office furniture (*Schedule B*, at 4-6 of 24), and, according to its *SOFA*, no income, cash flow or financial records. (*SOFA*, at 14, 19 of 24.) The Lender also argued, citing § 362(d)(2), that Boston Road lacked equity in the Premises and the Premises were not necessary for an effective reorganization, *i.e.*, there was no "reasonable possibility of successful reorganization within a reasonable period of time." (*Lift Stay Motion* at ¶ 42) (quoting *United Sav. Ass'n v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 376 (1988)).

Boston Road's opposition consisted of a two-page, unsworn statement signed by its attorney, (*Opposition to Motion to Relief from Stay*, dated Sept. 2, 2014 ("*Opposition*") (ECF Doc. # 21), and a two-page *Memorandum of Law*. (*Memorandum of Law*, dated Sept. 2, 2014 ("*Memorandum*") (ECF Doc. # 21).) Boston Road's principal Samuel Miller, who had personal knowledge of the facts, did not author his own opposition, and what Boston Road did submit was rife with conclusory statements contradicted by the evidence. The *Opposition* stated that Boston Road had procured insurance, (*id.* at 4), and, in support, referred to Exhibit A, but Exhibit A consisted of an application for insurance and a premium quote. The *Opposition* also stated that the Lender had a "several hundred thousand dollar equity cushion," (*Opposition* at ¶ 7), but Boston Road's own schedules valued the Premises for less than the Judgment and less than the $4.6 million in undisputed, secured debt. (*See Schedule D*, 7-8 of 24.) The *Memorandum* made the astounding declarations that Boston Road had complied with 11 U.S.C. § 362(d)(3) by "making monthly payments" to the Lender, (*id.* at 1), and that "current mortgage payments have been made," (*id.* at 2), overlooking Boston Road's failure to make any payments for more than four years.

3

The Court heard the Motion on September 4, 2014. Boston Road's counsel represented that some payments had been made to the Receiver, but was unable to state the nature of the payments – whether they were mortgage payments or rental payments made by Miller who occupied space at the Premises. (Transcript for Sept. 4, 2014 Hearing, filed Sept. 18, 2014 ("Tr."), 6:2-10, 8:7-10 (ECF Doc. # 29).) Counsel also said that Boston Road had lined up tenants, but was unable to produce any supporting evidence and the Receiver's counsel explained that all of the previous tenants had been evicted, except for Miller who was essentially squatting. (Tr. 10:11-11:10.) When asked to produce the actual insurance policy instead of the quote that was attached as Exhibit A to the Debtor's *Opposition*, counsel replied, "I'm sorry, sir, I do not have it with me," and the Receiver's counsel stated that the Receiver had procured an insurance policy. (Tr. 15:2-11.)

As noted, the Court granted the Motion from the bench. It was "undisputed that the debtor hasn't made a mortgage payment in four or five years, since 2009." (Tr. 17:5-7.) Boston Road failed to prove it had procured insurance on the Premises. (Tr. 17:8-14.) It "ha[d] no equity in this property and ha[d] failed to show that there is . . . a reasonable prospect of confirming a plan within a reasonable period of time." (Tr. 17:15-19.) In addition, Boston Road had no cash flow or tenants except for Miller who had agreed to pay $6,000 per month but had reneged. (Tr. 7:20-8:3.) Boston Road also admitted that it did not have any books and records. (Tr. 18:4-6.) The Court expressed surprise that Miller had not submitted an affidavit based on personal knowledge to back up counsel's statements, and could not overlook the "total lack of any offer of evidence on the side of the debtor." (Tr. 18:21-19:1.) Finally, the Court stated, in *dicta*, that the case had all the earmarks of a bad faith filing. It involved a two-party dispute, Boston Road had no assets, cash flow or employees, and after losing in state court, it filed the

4

chapter 11 on the eve of the foreclosure sale which frustrated the legitimate rights of the Lender. (Tr. 18:7-20.)

## DISCUSSION

Local Bankruptcy Rule 9023-1(a) provides:

> A motion for reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. The motion shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally.

Local Bankruptcy Rule 9023-1(a) is adapted from Civil Rule 6.3 of the United States District Court for the Southern District of New York. *Local Bankruptcy Rule 9023-1 cmt*. The standards governing motions for reargument and motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) are identical. *Samuel's Temple Church of God in Christ v. Parade Place, LLC* (*In re Parade Place, LLC*), 508 B.R. 863, 868 (Bankr. S.D.N.Y. 2014); *see also In re Bressler*, No. 06-11897(AJG), 2007 WL 98493, at *1 (Bankr. S.D.N.Y. Jan. 12, 2007); *In re Houbigant, Inc.*, 190 B.R. 185, 187 (Bankr. S.D.N.Y 1996). "The movant must show that the court overlooked controlling decisions or factual matters 'that might materially have influenced its earlier decision.'" *In re Best Payphones, Inc.*, No. 01-15472 (SMB), 2008 WL 2705472, at *3 (Bankr. S.D.N.Y. July 3, 2008) (*quoting Anglo American Ins. Group, P.L.C. v. CalFed Inc.*, 940 F. Supp. 554, 557 (S.D.N.Y. 1996)). "Alternatively, the movant must demonstrate the need to correct a clear error or prevent manifest injustice." *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (internal quotation marks and citations omitted).

5

The rule permitting reargument is strictly construed to avoid repetitive arguments on issues that the court has already fully considered. *Griffin Indus.*, 72 F.Supp.2d at 368; *Monaghan v.. SZS 33 Assocs., L.P.*, 153 F.R.D. 60, 65 (S.D.N.Y. 1994); *Farkas v. Ellis*, 783 F.Supp. 830, 832 (S.D.N.Y. 1992). In addition, the parties cannot advance new facts or arguments; a motion for reargument is not a vehicle for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998)(discussing Rule 59); *accord Griffin Indus.*, 72 F.Supp.2d at 368 (discussing motions for reargument).

Boston Road argues that the Court overlooked the following three facts:

> 1) that this case is only one month old and the debtor has had no time to negotiate any adequate protection payment to 54[,] LLC; 2) that there is no mortgage payment due to 54[,] LLC; it has a judgment against the debtor which may be paid through a plan of reorganization; and 3) there are now leases for the premises which increases the value of the property and provides a means to pay the adequate protection payment while providing an equity cushion to 54[,] LLC.

(*Memorandum of Law in Support of Motion to Reargue*, dated Sept. 12, 2014 (*Reargument Memorandum*"), at 2 (ECF Doc. # 28).)

In granting relief from the stay, the Court concluded, and Boston Road apparently now concedes, that the Lender lacked adequate protection. Boston Road never argued that it needed more time to negotiate an adequate protection payment schedule. To the contrary, it argued that the Lender was already adequately protected because there was equity in the Premises, (*Opposition* at ¶ 7), and the Boston Road had made current mortgage payments that the Lender had accepted. (*Memorandum* at 2.) Since I could not overlook an argument that was never made, Boston Road's first point fails.

6

Boston Road's second point urges that no mortgage payments were due because of the Judgment, and it could pay the Judgment through a plan. Yet Boston Road was the one who insisted in its opposition to the lift stay motion that "current mortgage payments have been made," (*Memorandum* at 2), and this assertion was belied by contrary evidence that no payments had been received by the Lender in over four years. In addition, although a debt can be paid through a plan, the Court concluded that Boston Road could not confirm a plan. Accordingly, its second point does not provide a basis for reargument.

In its third point, Boston Road contends that the Court overlooked the fact that it had tenants for the Premises. It has submitted a one page summary of these tenancies which indicated that they were all in place by the time of the September hearing and generated monthly rental income of $18,000.[2] (*See Reargument Memorandum*, Ex. C.) Although Boston Road's counsel alluded to tenants at the hearing on the lift stay motion, he could not identify any and lacked personal knowledge. Boston Road had not supplied the list attached to its *Reargument Memorandum* which in any event, like its other submissions, is unsworn and unsupported by anyone with personal knowledge of the tenancies. Consequently, Boston Road's third point does not supply a reason to reargue the lift stay motion, and the Motion is denied.

So ordered.

Dated: New York, New York
       October 28, 2014

                                          /s/ *Stuart M. Bernstein*
                                          STUART M. BERNSTEIN
                                          United States Bankruptcy Judge

---

[2] According to the exhibit, Boston Road "lined up" the tenants between June 1, 2014 and September 1, 2014. These are the same tenants identified in the amended *SOFA* who paid $70,000 in rent prior to the petition date.

7